# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

MARIA SUAREZ-TORRES,

Plaintiff,

v.

FUNERARIA ASENCIO AND MARIA HERNANDEZ,

Defendants.

CASE NO. 16-2296 (GAG)

## OPINION AND ORDER

On July 5, 2016, Maria Suarez-Torres ("Plaintiff") filed a complaint against Maria Hernandez and Funeraria Asencio ("Defendants") for violating Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. (Docket No. 1). Before the Court is Defendants' motion for summary judgment. (Docket No. 75). Plaintiff's original complaint included claims under the Puerto Rico Civil Rights Act, P.R LAWS ANN. tit. 1 § 13, and Article 1802 of as the Puerto Rico Civil Code, P.R LAWS ANN. tit. 1, § 13. Plaintiff later moved to voluntarily dismiss the Puerto Rico state law claims with prejudice. (Docket No. 90). The Court granted said dismissal on July 21, 2017. (Docket No. 92). Plaintiff then moved for leave to file an amended complaint. (Docket No. 93). For the reasons below, the Court **GRANTS** the Defendants' motion for summary judgement, and **DENIES** Plaintiff's motion for leave to file an amended complaint.

**I.     Factual Procedural Background**

Due to an automobile accident in 1992, Plaintiff is disabled and requires a wheelchair for mobility. (Docket Nos. 74 ¶ 4; 83-1 ¶ 4). Plaintiff requires a modified car to drive. (Docket Nos. 74

¶ 5; 83-1 ¶ 5). She is able to transfer in and out of traditional cars as a passenger without specific modifications. Id. Plaintiff owned two modified SUVs; she was able to fully operate, drive, park, and enter and exit both vehicles. (Docket Nos. 74 ¶ 6; 83-1 ¶ 6). In November 2009, Plaintiff visited the Funeraria Asencio funeral home to attend a wake. (Docket Nos. 74 ¶ 7; 83-1 ¶ 7). She spent approximately fifteen minutes at Funeraria Asencio before leaving. (Docket Nos. 74 ¶ 10; 83-1 ¶ 10). Plaintiff states that she left the facility in order to find a restroom because the restroom at Funeraria Asencio was inaccessible and not ADA compliant. (Docket No. 83 ¶ 12). Defendants, however, assert that Plaintiff left to answer a phone call and drove to a family member's home. (Docket No. 74 ¶ 11). Later that same day, Plaintiff returned to Funeraria Asencio. (Docket Nos. 74 ¶ 12; 83-1 ¶ 12). Seven years later, on May 14, 2016, Plaintiff states that she returned to Funeraria Asencio and encountered similar barriers due to Defendants' non-compliance with ADA regulations. (Docket Nos. 83 ¶ 24; 75).

Plaintiff alleges ADA non-compliance in the form of a dangerously-sloped parking lot, an excessively steep ramp, and an inaccessible bathroom. (Docket No. 83-1 ¶ 5- l, m, o). Defendants argue that Plaintiff has failed to provide evidence that Plaintiff did, in fact, visit the funeral home on May 14, 2016. (Docket No. 74 ¶ 24).

**II.     Summary Judgement Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see FED. R. CIV. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial . . . and material if it

'possess [es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted).

The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). If the Court finds that a genuine issue of material fact remains, the resolution of which could affect the outcome of the case, then the Court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the Court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the nonmoving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

A Defendant's failure to respond to a motion for summary judgment means that the Court may consider the motion to be unopposed. Velez v. Awning Windows, Inc., 375 F.3d 35, 41 (1st Cir. 2004). In addition, the Court will take as true any uncontested statements of fact. Id. at 41-42; see L. CV. R. 56; see also Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001)

("[P]arties ignore [Local Rule 56] at their own peril, and . . . failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted.") (internal citations and quotations omitted). This does not, however, result in automatic entry of summary judgment on behalf of the moving party. The Court "still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." Velez, 375 F.3d at 42.

### III. Discussion

#### A. Standing

Defendants move for summary judgment based on Plaintiff's alleged lack of standing and time-barred claims. For the reasons discussed below, the Court disagrees with Defendants on the issue of standing, but agrees on the matter involving the statute of limitations.

Defendants assert that Plaintiff lacks constitutional standing because she has not suffered an injury in fact, is not at risk of a future injury, and is not deterred from visiting the facility. (Docket No. 75 at 10). In addition, Defendants contend that Plaintiff does not possess tester standing. Id. at 12. Standing requires three elements: (1) Plaintiff must demonstrate an actual injury, or immediate threat of injury, (2) said injury, or threat of injury, is directly caused by the challenged conduct, and (3) an available legal remedy. McInnis-Misenor v. Me. Med. Ctr., 319 F.3d 63, 67 (1st Cir. 2003); See also Alvarez-Vega on behalf of E.A.L. v. Cushman & Wakefield Prop. Concepts Commer., 2017 No. 17-1601, 2017 U.S. Dist. LEXIS 188783 (D.P.R. 2017). Plaintiff can prove an actual or immediate threat of injury by demonstrating: (1) she is deterred from patronizing the facility, (2) she is deterred as a direct result of the Defendants' failure to comply with the ADA, and (3) she will face a similar harm in the future as a result of said noncompliance. See Medina-Rodriguez v.

**Civil No. 16-2296 (GAG)**

Fernandez Bakery, Inc., 255 F. Supp. 3d 334, 338 (D.P.R. 2017); see also Disabled Ams. For Equal Access, Inc. v. Ferries del Caribe, Inc., 405 F.3d 60, 64 (1st Cir. 2005). The ADA does not require that a Plaintiff be deterred from returning to a facility. Rather, a Plaintiff *may* establish standing by demonstrating deterrence or an injury-in-fact. See Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F. Supp 3d 939, 944 (9th Cir. 2011). "[D]isabled individuals suffer a concrete and particularized injury when they visit an establishment that does not comply with ADA standards." Medina-Rodriguez. 255 F. Supp. 338 (D.P.R. 2017); see also Disabled Ams. For Equal Access 405 F.3d 60 (1st Cir. 2005). "A disabled individual may invoke Title III to demand that a building be brought into compliance with the ADA even though [they] only entered the building once." Dudley v. Hannaford Bros. Co., 333 F.3d 299, 301 (1st Cir. 2003).

Defendants aver that Plaintiff has stated that she does not recall visiting Funeraria Asencio on May 14, 2016, and that she cannot affirmatively demonstrate that she was in fact at the funeral home on said date. (Docket No. 75 at 10). Defendants contend that Plaintiff thus cannot demonstrate that an injury occurred on that specific date. Id. Plaintiff and Defendants agree, however, that Plaintiff visited Funeraria Asencio in November 2009 while attending the wake of Roberto Acosta Cardona. (Docket Nos. 83; 74). Defendants also point to statements by Plaintiff where she notes that her return to Funeraria Asencio is conditional on an acquaintance's passing. (Docket No. 75 at 11-12).

Defendants claim that because any future visit is dependent on an event that has yet to occur—such as the death of an acquaintance—Plaintiff is not deterred from visiting the funeral home in the future. Id. Simply because a future visit is conditioned upon the death of an acquaintance does not mean Plaintiff would not be deterred from visiting the facility. Assuming all architectural barriers that Plaintiff alleges are present, it is likely that she would feel deterred from

5

attending another funeral at Funeraria Asencio. Typically death is the primary reason to visit a funeral home. The fact that a future visit is dependent upon death does not negate deterrence. Moreover, deterrence is not an absolute requirement under the ADA.

Plaintiff has pointed to the dangerously-sloped parking lot, the excessively steep ramp, and the inaccessible bathroom at the funeral home, (Docket No. 83-1 ¶ 5- l, m, o), to show that Defendant's failure to comply with the ADA is the direct reason she is deterred from patronizing the facility. See Medina-Rodriguez, 255 F. Supp. 3d at 338. Furthermore, she has shown that because the conditions still exist at Funeraria Asencio, if she were to return to the establishment, she would likely face a similar harm as a result of Defendants' noncompliance. Id. Thus, Plaintiff has shown an actual or immediate threat of injury. Id.

Defendants' failure to address the conditions at Funeraria Asencio is the direct cause of Plaintiff's alleged injury, or threat of injury. McInnis-Misenor, 319 F.3d at 67. Finally, a legal remedy for the injury is available in the form of an injunction or damages. Id. Because Plaintiff has shown constitutional standing by way of actual or immediate threat of injury, there is no need to make a determination as to the validity of tester standing.

### B. Time Barred

Defendant alleges the statute of limitations defeats Plaintiff's claim. In response, Plaintiff claims the continuing violation doctrine applies. The Court holds that the statute of limitations time-bars Plaintiff's claims and the continuing violation doctrine does not apply.

#### i. *Statute of Limitations*

Defendants contend that Plaintiff's action is time barred. (Docket No. 75 at 16). Where a federal statute, like the ADA, does not specify a statute of limitations, "federal courts must adopt the most analogous state statute of limitations." Wilson v. Garcia, 471 U.S. 261, 266, 268 (1985).

**Civil No. 16-2296 (GAG)**

Defendants argue that the applicable statute of limitations in Puerto Rico is that of a personal injury claim, which is one year. (Docket No. 75 at 17). This argument is inapposite. The First Circuit has determined that a four year "'catch all' limitations period" is appropriate for claims arising under the ADA. See Mercado v. Puerto Rico, 814 F.3d 581, 582 (1st Cir. 2016). In Mercado the First Circuit noted that 28 U.S.C. § 1658 sets a four year catch all statute of limitations period for federal statutes enacted after December 1990 that do not offer their own. While the ADA was passed prior to 1990, the Court found that amendments to the ADA in 2008 made new claims available under subject to the extended statute of limitations. Id.; see also Jones v. R.R. Donelley & Sons Co., 541 U.S. 369, 373 (2004) ("In the context of 28 U.S.C. § 1658, an amendment to an existing statute is no less an 'Act of Congress' than a new, stand-alone statute."). The Supreme Court in Jones highlighted that one must analyze the substantive impact of the amendment. When such an amendment leads to the "creation of new rights of action and corresponding liabilities," the 28 U.S.C. § 1658 sets a four year catch all statute of limitations period would be appropriate as opposed to a statute of limitations borrowed from a state statute. Id. Thus making available actions under the ADA that may have been time barred under the original version of the ADA.

In any case, Plaintiff's action would be time bared regardless of which limitations period applied because the initial injury occurred nine years ago. Plaintiff concedes that her first visit to Funeraria Asencio was in November 2009, well over four years prior to the filing of her complaint on July 5, 2016. The statute of limitations begins to run when a party is aware, or should be aware that they are being unlawfully discriminated against. See Mendez v. Scotiabank of P.R., Inc., 321 F. Supp. 2d 273, 282 (D.P.R. 2004). Here, the clock began to run in November 2009, more than six years before Plaintiff filed her complaint. Id. at 276.

### ii. Continuing Violation Doctrine

Assuming Plaintiff argued that the continuing violation doctrine allowed her to bring her claims, this argument would fail. To determine the sufficiency of such a claim, the Court must first ask if "the subject matter of the discriminatory acts [was] sufficiently similar that there is a substantial relationship between the otherwise untimely acts and the timely acts. . . ." O'Rourke v. City of Providence, 235 F.3d 713, 717 (1st Cir. 2001) (internal citations omitted); see also Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 130 n.7 (1st Cir. 2009) (the continuing violation doctrine applicable to discrimination claims under Title VII is "equally applicable in the ADA context."). Next, the Court will inquire whether "the acts [were] isolated and discrete or d[id] they occur with frequency or repetitively or continuously. . . ." O'Rourke, 235 F.3d at 717. Finally, the Court will examine the acts to see if they were "of sufficient permanence that they should trigger an awareness of the need to assert one's rights. . . ." Id. Furthermore, the First Circuit has found that the continuing violation doctrine refers to "series of separate acts that collectively constitute one 'unlawful employment practice.'" Tobin, 553 F.3d at 130 (quoting Natl R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002)). The continuing violation doctrine is appropriate for claims that "by '[t]heir very nature involve repeated conduct,' and 'a single act […] may not be actionable on its own.'" Id. (alteration in original) (quoting Nat'l RR, 536 U.S. at 115). The First Circuit has distinguished between the application of the continuing violation doctrine as applied to a hostile work environment claim and a claim based on a discrete discriminatory act. "A discrete discriminatory act . . . does not require repeated conduct to establish an actionable cause," as a hostile work environment claim would. Id. Thus, the continuing violation doctrine would not be applicable. Id. (holding that "the denial of a disabled employee's request for accommodation starts the clock running on the day it occurs" as it is a discrete discriminatory act).

**Civil No. 16-2296 (GAG)**

In this case, while the subject matter of the allegedly discriminatory acts—the architectural barriers—are the same, they are by no means a discriminatory action which the Plaintiff faces continuously or with high frequency. (Docket Nos. 1; 83). These alleged discriminatory acts were/are isolated and discrete because several years passed between Plaintiff's visits. Id. Therefore, while she may have faced the same discriminatory act on separate occasions, they are have not occurred frequently enough or consistently enough to constitute a continuing violation. Thus, the statute of limitations began to run in 2009 and not on May 14, 2016,[1] Plaintiff's most recent visit to the funeral home. (Docket No. 83). At the time of her first visit Plaintiff was aware of the alleged discrimination. Furthermore, Plaintiff's assertion that she is a tester who frequently visits facilities to ensure they comply with the ADA's provisions makes it even more compelling that Plaintiff was/should have been aware. As such, Plaintiff's action is time barred.

Finally, Defendants ask that the Court take judicial notice that Plaintiff previously filed sixty-two complaints in this District Court that contain parallel allegations, which Defendants characterize as "boiler-plate complaints." (Docket No. 74). Plaintiff objected to the inclusion of this fact under Local Rule 56(b). While the Court will not take this fact into account while making its determination, the motion in opposition to summary judgment contains a revealing error that would debilitate Plaintiff's case if the Court did consider Defendant's request. The motion incorrectly refers to Panadería España as the non-compliant establishment, as opposed to Funeraria Asencio. See Docket No. 83 at 3. Plaintiff should be more careful in the future.

---

[1] Defendants note their skepticism as to whether the May 14, 2016 visit actually occurred. Because Plaintiff agrees that her first visit was in 2009, however, this alleged second visit does not impact the Court's determination as to whether the action is time barred. See Docket No. 74; 83

C. <u>Motion to File Amended Complaint</u>

Plaintiff sought to amend her complaint on July 19, 2017. (Docket No. 90). The Court denied the motion without prejudice to Plaintiff refiling her request. (Docket No. 92). On July 31, 2017, Plaintiff moved again to file an amended complaint, which only states a cause of action under Title III of the ADA and seeks prospective relief with no claims for compensatory damages. (Docket No. 93).

The First Circuit has held that "consent to file amended pleadings shall be freely given when justice so requires[,] unless the amendment would be futile or reward undue delay." <u>Adorno v. Crowley Towing and Transp. Co.</u>, 443 F.3d 122, 126 (1st Cir. 2006). As discussed above Plaintiff's action is time barred. The amended complaint does not address the statute of limitations issue. Rather, the amended complaint again confirms that Plaintiff's first visit to Funeraia Asencio was back in 2009, well over four years ago. <u>See</u> Docket No. 93-1. Thus, the dispositive issue is unaffected. As such, the action is still time barred and the amended complaint is rendered futile. Consequentially, the Court **DENIES** the motion for leave to an amended complaint. (Docket No. 93).

**IV. CONCLUSION**

For the reasons stated above, the Defendants' motion for summary judgment at Docket No. 75 is **GRANTED**. Plaintiff's motion for leave to file an amended complaint is **DENIED**.

**SO ORDERED**.

In San Juan, Puerto Rico this 28th day of March, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge